Jon A. Kodani, Esq. (SBN 86258)
Jeffrey J. Williams, Esq. (SBN 156401)
**LAW OFFICES OF JON A. KODANI**
2200 Michigan Avenue
Santa Monica, CA  90404
Tel. (310) 453-6762
Fax (310) 829-3340
E-mail: *lojak@kodanilaw.com*

Attorneys for Plaintiff **James R. Gibson**

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JAMES R. GIBSON**, a Louisiana citizen, | Case No. LA CV 11-6326 JAK (SSx) |
| | Assigned to:   Hon. John Kronstadt |
| | Magistrate:   Hon. Suzanne H. Segal |
| Plaintiff, | Complaint Filed:   August 1, 2011 |
| vs. | [~~PROPOSED~~] **STIPULATED PROTECTIVE ORDER** |
| **CONCENTRA HEALTH SERVICES, INC.**, a Nevada corporation d/b/a Concentra Medical Center; and **DOES 1-10**, inclusive, | **Discovery Document: Referred to Magistrate Judge Suzanne H. Segal** |
| Defendants. | Trial Date:   Sept. 18, 2012<br>Discovery Cut-Off:   June 1, 2012 |

The parties and their respective counsel stipulate and move the Court for a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure concerning the treatment of *Confidential Information* (as hereinafter defined), and, as grounds therefor, state as follows:

**1. Documents to be Protected.**

The documents to be protected by this order are:

a. Documents that contain private personal and/or corporate financial information, such as tax records and bank statements;

b. Employment records, such as personnel files;

c. Documents disclosing personal private information about third-parties, such as names, addresses, telephone numbers, and social security numbers;

d. Medical records that contain private personal information about the parties or third-parties, including medical diagnoses and treatments; and

e. Documents that disclose confidential trade secrets not generally known to the public and that have been the subject of reasonable efforts to maintain their secrecy.

/ / /

**2.     Good Cause Statement.**

In this action, at least one of the parties has sought and/or is seeking Confidential Information (as defined below). The parties also anticipate seeking additional Confidential Information during discovery, and that there will be questioning concerning Confidential Information in the course of depositions. The parties assert the disclosure of such information outside the scope of this litigation could result in significant injury to one or more of the parties' personal, business or privacy interests. "Good cause" exists for the issuance of this protective order, because:

    a.  The uncontrolled public disclosure of documents that contain private personal and/or corporate financial information, such as tax records and bank statements, is reasonably likely to cause economic harm and actual prejudice to the parties whose private financial information is publicly disclosed;

    b.  The uncontrolled public disclosure of employment records, such as personnel files, is reasonably likely to cause embarrassment, economic harm and actual prejudice to individuals whose employment records are being publicly disclosed;

    c.  The uncontrolled public disclosure of documents disclosing personal private information about third-parties, such as names, addresses, telephone numbers, and social security numbers, is reasonably likely to cause harm and actual prejudice to third-parties

Concentra Gibson/20111109

who have not been given notice or an opportunity to object to the disclosure of their private information;

d.   The uncontrolled public disclosure of medical records that contain private personal information about the parties or third-parties, including medical diagnoses and treatments, is reasonably likely to cause embarrassment, harm and actual prejudice to the parties whose private medical information is publicly disclosed; and

e.   The uncontrolled public disclosure of confidential trade secrets not generally known to the public and that have been the subject of reasonable efforts to maintain their secrecy, is reasonably likely to cause economic harm and actual prejudice to the parties whose trade secrets are publicly disclosed.

**3.   Confidential Information Defined.**

"Confidential Information" means any document identified in paragraph 1, above - not otherwise made available to the public - and designated by one of the parties in the manner provided in paragraph 4 below.  Confidential Information includes documents, files, portions of files, transcribed testimony, and responses to discovery requests, including extracts, abstracts, charts, summaries, notes, and copies made therefrom.

**4.   Designation of Confidential Information.**

Where Confidential Information is produced, provided or otherwise disclosed by a party, it shall be designated in the following manner:

Concentra Gibson/20111109

      a.   By imprinting the word "Confidential" on the first page or cover of any document produced;

      b.   By imprinting the word "Confidential" next to or above any response to a discovery request; and

      c.   With respect to transcribed testimony, by giving written notice to opposing counsel designating such portions as "Confidential" no later than ten calendar days after receipt of the transcribed testimony.

**5.    Use of Confidential Information.**

All Confidential Information shall be subject to the following restrictions:

      a.   It shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever; and

      b.   It shall not be communicated or disclosed by any party's counsel or any party in any manner, either directly or indirectly, to anyone except for purposes of this case, and unless an affidavit in the form of Exhibit A has been signed by the recipient of that Confidential Information.

      c.   Individuals authorized to receive and/or review Confidential Information pursuant to this Protective Order shall hold Confidential Information in confidence, and shall not divulge the Confidential Information, either verbally or in writing, to any other person, entity or government agency unless authorized to do so by court order.

Concentra Gibson/20111109

**6. Responsibility for Confidential Information Received.**

Counsel for the party who receives Confidential Information shall be responsible for assuring compliance with the terms of this Protective Order with respect to persons to whom such Confidential Information is disclosed, and shall obtain and retain the original affidavits signed by qualified recipients of Confidential Information, and shall maintain a list of all persons to whom any Confidential Information is disclosed.

**7. Inspection of List Maintained By Opposing Counsel.**

During the pendency of this action, opposing counsel may upon court order or agreement of the parties inspect the list maintained by counsel pursuant to paragraph 6 above upon a showing of substantial need in order to establish the source of an unauthorized disclosure of Confidential Information and that opposing counsel are unable otherwise to identify the source of the disclosure. If counsel disagrees with opposing counsel's showing of substantial need, then counsel may seek a court order requiring inspection under terms and conditions deemed appropriate by the Court.

**8. Copies of Confidential Information.**

No copies of Confidential Information shall be made except by or on behalf of counsel in this litigation and such copies shall be made and used solely for purposes of this litigation.

///

**9. Disputes Regarding Confidential Information.**

All disputes regarding Confidential Information shall be handled in a manner consistent with the Federal Rules of Civil Procedure Local Rules 37-1 through 37-4 of this Court.

**10. Use of Confidential Information in Court Proceedings.**

In the event Confidential Information is used in any court filing or proceeding in this action, including but not limited to its use at trial, it shall not lose its confidential status as between the parties through such use. Confidential Information and pleadings or briefs quoting or discussing Confidential Information will not be accepted for filing "under seal" or otherwise kept out of the public record in this action, however, except by court order issued upon motion of the party seeking to file the documents under seal. Any motion requesting leave to file documents under seal shall comply with the requirements of Local Rule 79-5.1 of this Court.

**11. Objections Not Waived.**

By agreeing to the entry of this Protective Order, the parties do not waive any objections they may have as to the authenticity and admissibility of any Confidential Information.

**12. Termination of Action.**

The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order.

      a. Upon termination of this litigation, including any appeals, each party's counsel shall immediately return to the producing party all Confidential Information provided subject to this Protective Order, and all extracts, abstracts, charts, summaries, notes or copies made therefrom.

      b. At that time, counsel shall also provide each other with confirmation that all of counsel's work product referencing Confidential Information has been returned or destroyed.

**13. Further Relief.**

This Protective Order shall not preclude any party from seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

**IT IS SO ORDERED.**

Dated: November 14, 2011      /S/ Suzanne H. Segal_____

                                            Hon. Suzanne H. Segal
                                            United States Magistrate Judge

Concentra Gibson/20111109

**APPROVED AS TO FORM AND CONTENT BY:**

Dated:  November  10 , 2011          s/  Jeffrey J. Williams, Esq.

Jeffrey J. Williams, Esq.

**Attorneys for Plaintiff James R. Gibson**

LAW OFFICES OF JON A. KODANI
2200 Michigan Avenue
Santa Monica, CA 90404-3906
Tel. (310) 453-6762
Email *lojak@kodanilaw.com*

Dated:  November  10 , 2011          s/  Larry T. Pleiss, Esq.

Larry T. Pleiss, Esq.

**Attorneys for Defendant
Concentra Health Services, Inc.**

MADORY, ZELL, PLEISS & McGRATH
Suite 205 The Centre Building
17822 17th Street
Tustin, CA  92780-2152
Tel. (714) 832-3772
Email *lpleiss@mzplaw.com*

**EXHIBIT A**
**AFFIDAVIT / DECLARATION**

_____, declares as follows:

1. I have read the Protective Order entered in *James. R. Gibson v. Concentra Health Services*, C.D.California Case No. LA CV 11-6326 JAK (SSx).

2. I have been informed by counsel that certain materials that are being provided to me in connection with my work in this case are Confidential Information as defined in the Protective Order.

3. I promise and agree that I have not and will not divulge, or undertake to divulge, to any person or recording device any Confidential Information shown or told to me except as authorized in this Protective Order. I will not use Confidential Information for any purpose other than this litigation. I will not post, publish or otherwise disseminate any Confidential Information over the internet, unless authorized by the terms of the Protective Order.

4. For the purposes of enforcing the terms of the Protective order, I hereby submit myself to the jurisdiction of this court.

5. I will abide by the terms of the Protective Order in this case.

I declare, under penalty of perjury, under the laws of the United Sates of America, that the foregoing is true and correct. Executed this \_\_\_\_\_ day of _____, 20\_\_, at _____.

# **CERTIFICATE OF SERVICE**
*James. R. Gibson v. Concentra Health Services*
*C.D.California Case No. LA CV 11-6326 JAK (SSx)*

[**XXXXX**]  I hereby certify that on ___**November 11, 2011**___,
I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Larry T. Pleiss, Esq.
Patricia N. Scidmore, R.N., Esq.
MADORY, ZELL, PLEISS & McGRATH
Suite 205 The Centre Building
17822 17th Street
Tustin, CA  92780-2152

Tel. (714) 832-3772
Fax (714) 832-7163

Email  *lpleiss@mzplaw.com*
       *pscidmore@mzplaw.com*


[   ]  I hereby certify that on _____,
I have mailed or served the document or paper to the following non CM/ECF participants in the manner (mail, hand delivery, etc.) indicated by the non-participant's name:


                        ___s/ Jeffrey J. Williams___